UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

NICOLE D. WILSON,

Plaintiff,

v.                                                            CAUSE NO. 1:23-CV-337 DRL

LEAR CORPORATION,

Defendant.

OPINION AND ORDER

Nicole Wilson began working for Lear Corporation in May 2022 as a temporary employee. She alleges that she was discriminated against on the basis of her race and sexual orientation after Lear released her in June 2022. She sued under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, alleging a hostile work environment and retaliation based on her race and sexual orientation. Lear moved for summary judgment. Ms. Wilson didn't respond to the motion, even after a notice from Lear. The court now grants summary judgment.

BACKGROUND

On May 23, 2022, a staffing agency placed Ms. Wilson at Lear Corporation [36-1 ¶ 17]. Lear considered her a probationary employee subject to Lear's attendance policy [*id.* ¶ 18]. Lear assigned her to production line 2A on the second shift [*id.* ¶ 21]. Thomas Troutman served as that line's production coach [*id.*]. Mr. Troutman had issues with Ms. Wilson disrupting production and yelling at a coworker [*id.* ¶ 22]. Ms. Wilson had some conflict with Veronica Hawkins, another employee on line 2A [*id.*]. Ms. Hawkins made certain inappropriate comments to Ms. Wilson, including one related to her sexual orientation telling her that "God don't approve of gay people" [36-3 Tr. 37]. Ms. Wilson did not report the comment about her sexuality to her supervisor [*id.* 75 ("I just kept that one to myself")]. Lear released Ms. Wilson from her assignment on June 30, 2022 [36-1 ¶ 23].

Two weeks later, Lear rehired Ms. Wilson and assigned her to production line 7B under a new leader, Cortez Ellis [*id.* ¶¶ 24-26]. Ms. Wilson testified that the new supervisor didn't like her because she "was into it" with Ms. Hawkins [36-3 Tr. 201-02]. She also reported complaining to management about sore hands from allegedly doing a two-person job, but she never reported this to the safety office [*id.* 62, 202]. Ms. Wilson was absent from work on July 19 and August 2 [*id.* 121; 36-2 ¶¶ 8, 10]. Lear released Ms. Wilson from her assignment on August 3 after her second absence; Lear viewed this as violating its attendance policy [36-1 ¶ 34].

Following her release from the second position, Ms. Wilson brought four claims: (1) hostile work environment because of her race under § 1981, (2) hostile work environment because of her sexual orientation under Title VII, (3) retaliation under Title VII, and (4) retaliation under § 1981 [5 ¶¶ 3-5]. In June, Ms. Wilson's counsel moved to withdraw, citing Ms. Wilson's lack of communication and failure to follow counsel's recommendations. The court granted the motion to withdraw and cautioned Ms. Wilson that she would be expected to comply with the court's rules and orders. On July 29, 2024, Lear moved for summary judgment on each claim, and Ms. Wilson never responded, despite a notice alerting her of the opportunity and obligation to respond.

## STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must present the court with evidence on which a reasonable jury could rely to find in her favor. *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 972 (7th Cir. 2020). The court must construe all facts in the light most favorable to the non-moving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp./Nichols-Homeshield*, 200 F.3d 485, 491-92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003); *see also Joll. v. Valparaiso Cmty. Schs.*, 953 F.3d 923, 924-25 (7th Cir. 2020).

In performing its review, the court "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Nor is the court "obliged to research and construct legal arguments for parties." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011). Instead, the "court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge*, 24 F.3d at 920. The court must grant summary judgment when no such genuine factual issue— a triable issue—exists under the law. *Luster v. Ill. Dept. of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011).

Lear notified Ms. Wilson of the summary judgment motion, and her response was due August 29, 2024. This deadline passed without a response. Pursuant to N.D. Ind. Local Rule 7-1(d)(5), the court may rule summarily if a party fails to timely respond to a motion. "Strict enforcement of [local rules] does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party." *Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Rather, that failure "causes all factual assertions alleged by the opposing party to be deemed admitted." *Id.* The court still must determine whether the movant is entitled to judgment under the applicable law. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

DISCUSSION

The court first addresses Ms. Wilson's claims under § 1981. The court evaluates a § 1981 claim the same way retaliation or discrimination claims are evaluated under other labor statutes. *See Johnson v. Gen. Bd. of Pension & Health Benefits of the United Methodist Church*, 733 F.3d 722, 728 (7th Cir. 2013); *Patton v. Indianapolis Pub. Sch. Bd.*, 276 F.3d 334, 338 (7th Cir. 2002). The law asks whether "the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action." *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016); *see McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 367-68 (7th Cir. 2019); *Certantes v. Ardagh Grp.*, 914 F.3d 560, 566 (7th Cir. 2019).

The plaintiff must "ultimately prove that, but for race, [she] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020). Discrimination can be shown holistically. *See Igasaki v. Ill. Dep't of Fin. & Pro. Regul.*, 988 F.3d 948, 957 (7th Cir. 2021); *Ortiz*, 834 F.3d at 761, 765. General allegations that the defendant "knew about" the plaintiff's race or was "motivated by discrimination" are not enough to sustain a claim under § 1981. *Mir v. State Farm Mut. Auto. Ins. Co.*, 847 F. Appx. 347, 350 (7th Cir. 2021).

Lear argues that the discrimination and retaliation claims under § 1981 should be dismissed because Ms. Wilson now admits that the alleged discrimination and retaliation had nothing to do with her race. Ms. Wilson testified under oath that she believed the initial discrimination was due to her sexual orientation and didn't have anything to do with race [36-3 Tr. 56]. She also noted that "it wasn't about race" with her second supervisor [*id.* 82]. Even Ms. Wilson admits that none of the discrimination was racially motivated, so the court grants summary judgment for Lear on these two counts.

Next, Ms. Wilson brings two claims under Title VII for a hostile environment and retaliation related to her sexual orientation. Discrimination on the basis of sexual orientation is a prohibited form of sex discrimination under Title VII. *Bostock v. Clayton Cnty.*, 590 U.S. 644, 658-59 (2020). Sex is "necessarily a but-for cause when an employer discriminates against homosexual . . . employees" because it "inescapably *intends* to rely on sex in its decisionmaking." *Id.* at 661. Because discrimination on the basis of homosexuality "requires an employer to intentionally treat individual employees differently because of their sex," "an employer who intentionally treats a person worse because of sex—such as by firing the person for actions or attributes it would tolerate in an individual of another sex—discriminates against that person in violation of Title VII." *Id.* at 658, 661.

First, Ms. Wilson brings a hostile work environment claim based on her sexual orientation. Establishing a hostile work environment claim requires showing "(1) the work environment was both subjectively and objectively offensive; (2) the harassment was based on membership in a protected class;

(3) the conduct was severe or pervasive; and (4) there is a basis for employer liability." *Trahanas v. Northwestern Univ.*, 64 F.4th 842, 853 (7th Cir. 2023).

To determine whether a work environment is "objectively offensive," the court considers "the severity of the conduct, its frequency, whether it is merely offensive as opposed to physically threatening or humiliating, and whether it unreasonably interfered with an employee's work performance." *Swyear v. Fare Foods Corp.*, 911 F.3d 874, 881 (7th Cir. 2018). The necessary standard "may be met by a single extremely serious act of harassment or by a series of less severe acts." *Robinson v. Perales*, 894 F.3d 818, 828 (7th Cir. 2018). "Insults, personal animosity, and juvenile behavior are insufficient evidence of a hostile work environment unless they are so pervasive or severe as to interfere with an employee's work performance." *Brooks v. Avancez*, 39 F.4th 424, 441 (7th Cir. 2022). The comments must be related to the protected category. *Id.* "Employers are strictly liable for supervisor harassment, but when a plaintiff claims that co-workers are responsible for the harassment, [s]he must show that [her] employer has been negligent either in discovering or remedying the harassment." *Cole v. Bd. of Trs.*, 838 F.3d 888, 898 (7th Cir. 2016) (quotations and citations omitted).

Lear argues that Ms. Wilson cannot establish that the alleged harassment was because of her sexual orientation. All the comments Ms. Wilson alleges constitute the hostile work environment come from Ms. Hawkins, another employee, not a supervisor [36-3 Tr. 77]. Ms. Wilson said that Ms. Hawkins commented on her makeup and "big booty" [*id.* 70]. She also made comments about having a son that would like to go out with Ms. Wilson, specifically one that "would love to have a big booty black girl" [*id.* 28-29, 70]. Ms. Wilson reported these comments to her supervisor, Mr. Troutman [*id.* 75], and he told her to ignore them [*id.* 30]. Later, when Ms. Hawkins made a comment to Ms. Wilson about her sexuality, Ms. Wilson chose not to report that comment. Instead, she "kept that one to [her]self" because she "didn't want to get in any more trouble" [*id.* 75].

As distasteful and inappropriate as the first comments were about Ms. Wilson's appearance and her dating life, they didn't relate to her sexual orientation. In fact, Ms. Wilson concedes that Ms. Hawkins did not know that Ms. Wilson was gay at the time [*id.* 28]. Ms. Hawkins' single comment about sexual orientation isn't enough to establish a hostile work environment. Though again inappropriate, the comment was not part of sexual orientation harassment so severe or pervasive as to be actionable, and Lear cannot be liable when it wasn't aware of the comment about Ms. Wilson's protected class status. *See Cole*, 838 F.3d at 898. The court grants summary judgment on this claim.

Second, Ms. Wilson brings a retaliation claim. Title VII "prohibits various 'unlawful employment practices' involving discrimination on the basis of 'race, color, religion, sex or national origin.'" *EEOC v. CVS Pharm., Inc.*, 809 F.3d 335, 339 (7th Cir. 2015) (quoting 42 U.S.C. §§ 2000e-2, 2000e-3). The statute prohibits retaliation against an employee "because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). The purpose of this anti-retaliation provision is to "prevent employer interference with 'unfettered access' to Title VII's remedial mechanisms . . . by prohibiting employer actions that are likely 'to deter victims of discrimination from complaining to the EEOC,' the courts, and their employers." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997)). This prohibition "cover[s] a broad range of employer conduct." *Thompson v. N. Am. Stainless, L.P.*, 562 U.S. 170, 173 (2011). The pertinent inquiry is whether an employer has acted in a way that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 174 (citation omitted). Ms. Wilson must "present evidence of a (1) statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two." *Cervantes*, 914 F.3d at 566.

Lear argues that the court should grant summary judgment because Ms. Wilson never engaged in any statutorily protected activity. Lear is right. On this record, Ms. Wilson admitted that she kept the

comment Ms. Hawkins made about her sexual orientation to herself [36-3 Tr. 75]. The only complaints she made to her supervisor were about other comments that Ms. Wilson acknowledges were not about her sexual orientation and were made before the speaker even knew Ms. Wilson's sexual orientation [*id.* 28]. Even construing her firing from the company as her adverse action, no reasonable jury could find that she engaged in a statutorily protected activity (when she never reported the comment) or any causal connection between the two. *See Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006). The court grants summary judgment on this claim.

CONCLUSION

Construing all facts and reasonable inferences in favor of Ms. Wilson, the court GRANTS Lear Corporation's summary judgment motion [33], DIRECTS the entry of judgment for Lear Corporation, and VACATES the trial date of April 15, 2025 and the final pretrial conference date of March 31, 2025. This order terminates the case.

SO ORDERED.

October 2, 2024                                  *s/ Damon R. Leichty*
                                                 Judge, United States District Court